**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ALEJANDRO SANCHEZ-BERNAL, | No. 20-71898 |
| Petitioner, | Agency No. A206-676-891 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Alejandro Sanchez-Bernal, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id.* We deny the petition for review.

In his opening brief, Sanchez-Bernal does not raise and has therefore waived any challenge to the agency's dispositive determinations in denying his application for asylum and CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Sanchez-Bernal's asylum and CAT claims.

Substantial evidence supports the agency's determination that Sanchez-Bernal failed to establish his proposed social group is socially distinct. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in concluding that Sanchez-Bernal did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he

applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (*quoting Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Sanchez-Bernal's withholding of removal claim fails.

We do not consider the materials Sanchez-Bernal references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to "the administrative record upon which the [removal] order is based" (internal quotation and citation omitted)).

**PETITION FOR REVIEW DENIED.**